UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| ERIE INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2: 24-124-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TIFFANY WORKS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is pending for consideration of Plaintiff Erie Insurance Company's ("Erie") motion for reconsideration. [Record No. 28] Erie contends that reconsideration is warranted because: (1) Defendant Tiffany Works' ("Works") umbrella policy with Erie could cover damages that her underlying homeowner's policy could not; and (2) residency is a question of fact.  In briefing the initial motion for summary judgment, Erie failed to mention any information regarding the umbrella policy's inapplicability if the homeowner's policy was not in effect.  Instead, it advanced borderline frivolous arguments that foster parenting was a business enterprise.  Notwithstanding Erie's earlier omission, its request for reconsideration will be granted because interpretation and construction of an insurance contract is a matter of law for the Court that requires consideration to all relevant provisions.

**I.**

This case arises from twenty-month-old Layla Eastman's ("Eastman") tragic drowning in Works' swimming pool.  Relevant facts were summarized previously in a March 4, 2025,

Memorandum Order and Opinion [Record No. 27].  Thus, only a summary of pertinent details will be provided here.

At the time of Eastman's death, Works was a foster parent to Eastman and her older brother.  Works held two insurance policies with Erie: a homeowner's policy, and an umbrella liability policy.  Erie argued in its motion for summary judgment that Works was precluded from coverage under either policy because Eastman was a "resident" of the defendant's home, which fell under an enumerated exclusion.  However, the umbrella policy did not define the word "resident", leaving Eastman's status in the home ambiguous.  Erie also argued erroneously, *inter alia*, that foster parenting was a "business pursuit" and that Works "failed to render emergency services," both of which would have barred coverage under the umbrella policy, but neither were applicable.  Based on the arguments and facts presented, the Court determined that a question of fact existed regarding whether Eastman was a "resident" that precluded summary judgment.

Erie contests now the partial denial of summary judgment.  It claims that residency is not a question of fact and Works' umbrella policy with Erie cannot cover damages that her underlying homeowner's policy does not.  While Erie's argument concerning residency remains unfounded, it failed to inform the Court of the umbrella policy's pertinent provisions limiting it to excess liability coverage.  This latter claim, which "the defendants neglected to bring to the Court's attention in their earlier motion briefs, has merit.  Therefore, the Court will grant reconsideration." *Saltmarshall v. VHS Child's. Hosp. of Mich., Inc.*, 402 F. Supp. 3d 389, 392 (E.D. Mich. 2019), *aff'd sub nom. Saltmarshall v. Prime Healthcare Servs.- Garden City LLC*, 831 F. App'x 764 (6th Cir. 2020).

- 2 -

## II.

A motion to reconsider is treated as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).  A Rule 59(e) motion may be granted if there is a clear error of law, newly discovered evidence, an intervening change in the law, or when doing so would prevent manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  Typically, it is "well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'"  *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)).  And here, Erie failed to raise provisions in the umbrella policy excluding coverage if the homeowner's policy does not cover the incident, and Kentucky law supporting that proposition.  Reconsideration is only proper because a contrary interpretation of the umbrella policy would render the Court's previous decision manifestly unjust, even though Erie should have addressed the contract's provisions earlier.

## III.

The Court will not allow Erie to relitigate its claims that Eastman was a resident under the umbrella policy as a matter of law.  Although Kentucky courts have not yet addressed whether a foster child is a "resident" in the context of a homeowner's insurance policy, courts outside this jurisdiction have considered the issue.  *See Risk Mgmt. Div., Gen. Servs. Dep't of State ex rel. Apodaca v. Farmers Ins. Co. of Arizona*, 75 P.3d 404, 408 (N.M. Ct. App. 2003) (collecting cases that "addressed the specific question of whether a foster child is a resident of a foster home under a homeowner's insurance policy").  Specifically, the *Apodaca* court

- 3 -

reversed a lower court's grant of summary judgment in a nearly identical scenario in which a foster child drowned in their foster parent's hot tub, and the word "resident" was undefined in the applicable homeowner's policy. In reversing, the court considered two questions that required more factual development: "what was the intent of the parties to the insurance contract, and what was the nature of the child's stay in the foster home." 75 P.3d at 409. Consistent with this Court's prior determination, it held that residency was a factual question under the unique circumstances. For similar reasons, the undersigned will not reconsider Eastman's residency status.

However, Erie's second point is valid. It argues that finding Works is not covered under the homeowner policy precludes any coverage under the umbrella policy. [Record No. 28, p. 8] It further asserts that, as a matter of law, "the very nature of an excess liability policy is such that the limits of the underlying policies must be paid before liability attaches." *Hendrix v. Fireman's Fund Ins. Co.*, 823 S.W.2d 937, 940-941 (Ky. Ct. App. 1991).

The umbrella policy defines "underlying insurance," in relevant part, as "the liability insurance coverage provided under policies shown on the 'Declarations' of this policy, for the limits shown." [Record No. 1-6, p. 8] The definition includes Works' homeowner's policy. [*Id.*, p. 2] The umbrella policy's liability section also provides, in relevant excerpt, "'[w]e' will pay for only 'bodily injury,' 'property damage' or 'personal injury' covered by this policy. This applies only to damages in excess of the 'underlying insurance' or 'self-insured retention.'" [*Id.*, p. 8] Finally, the "loss-payment" provision under "general policy conditions" specifies that "[p]ayment under this policy begins when the loss exceeds the limits available under all underlying policies in accordance with all other applicable policy provisions." [*Id.*,

p. 13] This indicates that the umbrella policy was only intended to cover claims that exhausted the payout available under the underlying homeowner's policy.

Works argues that the policy "does not require the underlying policy to be applicable, only that the damages be in excess of the amount of the underlying coverage." [Record No. 29, p. 11]  However, for damages to be "in excess of" the underlying coverage, it necessitates a finding that the underlying coverage is exhausted first.  While umbrella policies that include additional claims outside the scope of underlying insurance do exist, this policy covers only excess liability above and beyond the limits of the underlying homeowner's insurance, which does not cover Works.  Admittedly, these provisions render the "umbrella" title a misnomer because the policy's substance only covers "excess liability" here.

Works' attempt to distinguish this case from *Hendrix* also is deficient.  There, the Court of Appeals of Kentucky held that an umbrella insurer is not required to indemnify an insured for damages incurred below the carrier's limits.  823 S.W.2d 937, 938.  Specifically, the plaintiff argued that the insurance company was reasonably expected to "fill in any gap" in coverage between an initial $500,000 payment and the $1,500,000 floor where the insurer's coverage began due to an intermediate insurer's insolvency.  In rejecting this argument, the court held that "the limits of the underlying policies must be paid before liability attaches." *Id.* at 941.  Reconsideration is warranted because Erie effectively issued an excess liability policy with few exceptions, and Works' claim does not fall under the underlying homeowner's policy.

Finally, in *Saltmarshall*, the court faced a similar conundrum to the one presented in this case.  The defendants raised points of law that they "neglected to bring to the Court's attention."  402 F. Supp. 3d at 392.  Although this was the defendants' mistake, denying reconsideration risked an erroneous judgment.  Here, Erie addressed various unsuccessful

arguments in its summary judgment motion, without introducing *any* information regarding Kentucky law on excess liability and umbrella insurance or any information regarding its application to the umbrella policy.  Faced with a similar situation to *Saltmarshall*, the undersigned will grant reconsideration to avoid manifest injustice.

### IV.

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1.    Plaintiff Erie Insurance Company's Motion for Reconsideration [Record No. 28 is **GRANTED**.

2.    The Court's March 5, 2025, Memorandum Order and Opinion [Record No. 27] is **VACATED**, in part, and Plaintiff Erie Insurance Company's motion for summary judgment [Record No. 15] is **GRANTED.**

3.    The Court finds and declares that Plaintiff Erie Insurance Company does not owe Defendant Tiffany Works a duty to indemnity or to defend the defendant from or regarding the allegations and claims made in the civil action pending in the Commonwealth of Kentucky styled, *Estate of Layla Eastman, et al. v. Cabinet for Health and Family Services, et al.*, Civil Action No. 24-CI-1101 ***under either the homeowner's policy or the umbrella policy***.

Dated: June 23, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky